RAFAEL CONDE, representado por su padre JULIO CONDE, demandante y apelado, *v.* MARÍA GARRATÓN, VIUDA DE BARNÉS, demandada y apelante.

No. 4797—*Sometido:* Mayo 28, 1929. *Resuelto:* Diciembre 16, 1929.

*Hartzell, Kelley & Hartzell,* y *R. O. Fernández,* abogados de la apelante; *A. E. Font* y *J. Valldejuly,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Rafael Conde, representado por su padre Julio Conde, demandó a María Garratón, viuda de Barnés, en reclama-

ción de tres mil dólares por daños y perjuicios y obtuvo una sentencia por mil.

No conforme la demandada apeló para ante esta Corte Suprema señalando en su alegato la comisión de tres errores, así:

"1. La Corte de Distrito cometió error al dictar sentencia contra la demandada sin haberse probado que el automóvil 'Chevrolet' No. 8536 era usado como parte de una empresa o en relación con la misma, que la demandada era dueña o directora de tal empresa, y que su empleado estaba actuando en funciones de su cargo al ocurrir el accidente.

"2. La Corte de Distrito cometió error al dictar sentencia contra la demandada sin haberse probado que el automóvil 'Chevrolet' No. 8536 era propiedad de la demandada, ni haberse alegado ni probado que ella estaba en dicho vehículo al ocurrir el accidente.

"3. La Corte de Distrito cometió error al dictar contra la demandada en este caso una sentencia que no está sostenida por los hechos que dicha Corte consideró probados."

Para sostener el recurso elevó la apelante una transcripción compuesta de la demanda, la contestación, la opinión de la corte, la sentencia y el escrito de apelación, y basándose en la naturaleza de los errores señalados y en no haberse incluído en la transcripción la evidencia practicada, el apelado, en el acto de la vista, solicitó la desestimación del recurso.

Ello dió lugar a una interesante discusión oral, seguida de un bien elaborado alegato adicional de la apelante que no ha sido contestado por el apelado. La vieja cuestión que se discutió extensamente en el seno del tribunal y que quedó decidida en el caso de *Paganacci* v. *Lebrón*, 24 D.P.R. 796, se levanta de nuevo, apoyada ahora en la enmienda del artículo 227 del Código de Enjuiciamiento Civil, a saber: que en esta jurisdicción existe el mismo sistema de conclusiones de hecho y de derecho de California, llevado en este caso concreto hasta el límite, ya que la apelante sostiene que en esta apelación que se basa en que no se probaron ciertos hechos alegados en la demanda y sin cuya existencia carecería

de fundamento la sentencia, puede prescindirse de traer la evidencia practicada, bastando para revocar el fallo la omisión en la opinión de hacer declaración alguna con respecto a dichos hechos, todo sin gestión de ninguna especie por parte del apelante en la corte *a quo*.

Parece conveniente establecer primero los hechos del caso. En la demanda se alegó que la demandada se dedica al negocio de alcoholado, producto que distribuye en la Isla por medio de sus empleados que usan para ello de automóviles de la demandada, y que el 23 de junio, 1926, su empleado Guillermo Garratón, con su consentimiento y conocimiento y como tal empleado suyo, guiando el automóvil Chevrolet No. 8536, propiedad de la demandada y usado en su negocio, ocasionó los daños y perjuicios que se especifican, de la manera descuidada y negligente que se expresa. Contestó la demandada negando todas y cada una de las alegaciones de la demanda y alegando como materia nueva que el accidente se debió a la negligencia de la persona que manejaba el automóvil en que viajaba el demandante.

Fué el pleito a juicio, dictando la corte finalmente su sentencia, así:

"SENTENCIA.—Por cuanto: la vista de este caso, se celebró ante esta Corte, durante los días 7 de marzo, 11 de abril y 6 de agosto del corriente año, habiendo comparecido la parte demandante asistida de su abogado, Agustín E. Font y la demandada representada por su abogado, Rafael Fernández, de la firma profesional, Hartzell, Kelley & Hartzell.

"Por cuanto: Ambas partes practicaron evidencia testifical y documental que fué admitida.

"Por tanto: La Corte, como resultado de la evidencia practicada, y por los fundamentos de su opinión dada y unida a los autos, y la que se hace formar parte de esta sentencia, declara con lugar la demanda, y condena a la demandada, María Garratón Viuda de Barnés, a pagar al demandante Rafael Conde, representado por su padre Julio Conde, la suma de $1,000.00, con más las costas, desembolsos y honorarios de abogado.

"Ponce, P. R., 24 de septiembre de 1928.—(Fdo.) Ángel Acosta, Juez del Distrito."

En la opinión de que habla la sentencia, el juez comienza por referirse a los hechos alegados por el demandante en su demanda entre los cuales están los que dejamos ya extractados, narra los varios trámites del pleito, y luego dice:

"De la apreciación de la evidencia por la corte, estima probado que el accidente ocurrió en el Kilómetro 7, Hectómetro 1 de la carretera de Jayuya a Ponce, que el automóvil marca Chevrolet No. 8536, manejado por el hermano y empleado de la demandada, su chauffeur Guillermo Garratón, marchaba a gran velocidad, sin tocar bocina o klaxon y al llegar a una curva, cerca de la tienda de Rosendo Torres, chocó con un carro Ford, manejado por un hermano del demandante y en que viajaba el Rafael Conde; que en esa curva el carro de la demandada vino a ocupar la posición de la derecha, que traía el carro en que venía el demandante Rafael Conde; que ese sitio es estrecho y peligroso, que como consecuencia del choque sufrió lesiones el demandante Rafael Conde, que fué recluído en el Hospital de San Lucas de esta ciudad de Ponce, P. R. en donde fué asistido por el Dr. Costa, reconociéndole asimismo la vista el Dr. Guillermo Vives, que por prescripciones le ha recomendado el uso de espejuelos, y estuvo recluído en dicho Hospital desde el día 23 de junio al 21 de julio siguiente, corriente año."

Sigue una referencia a la ley y en varias partes se insiste en que el accidente se debió a la negligencia del *chauffeur* Garratón, empleado de la demandada, pero es lo cierto que en ninguna parte se dice en términos expresos y precisos que el empleado de la demandada usaba el automóvil en el momento del accidente en negocios de la empresa de la demandada.

También se estudia detalladamente en la opinión la prueba en relación con los daños sufridos por el demandante y se termina por apreciar éstos en mil dólares.

Convenimos en que la corte no debió haberse limitado a decir en su opinión que Garratón, el *chauffeur* de la demandada, era su empleado, sino que, dado el estado actual de la ley y la jurisprudencia en Puerto Rico, debió haber dicho además como se alega en la demanda que el automóvil era guiado por el empleado en negocios de la empresa de la de-

mandada en el momento del accidente, pero ¿implica ello que tales hechos no se probaron en el juicio, debiendo en tal virtud revocarse una sentencia que se basó "en el resultado de la evidencia practicada", sin mostrarse a esta corte cuál fué esa evidencia?

Hasta ahora este tribunal ha decidido de manera invariable que las sentencias que dictan las cortes de justicia se presumen justas y que serán confirmadas aunque se demuestre que sus fundamentos son erróneos si las alegaciones y las pruebas tales como surgen de los autos las sostienen.

La apelante invocando los artículos 1 y 2 de la Ley de Evidencia, el caso de *Schloss* v. *Creditors,* 31 Cal. 201, 203 y 22 Corpus Juris 67, sec. 21, C., alega que existe una marcada diferencia entre evidencia y prueba y que en Puerto Rico una vez que un caso se decide no hay más *prueba* que los hechos declarados probados por la corte sentenciadora. Para ser más correctos transcribiremos sus propias palabras. Son así:

"De las citas que anteceden se desprende con absoluta claridad que evidencia (evidence) es todo aquello que con fines probatorios se presenta ante la Corte durante el juicio por cada una de las partes, mientras que prueba (proof) es el resultado o efecto de todo eso después de haber pasado por el tamiz de la mente juzgadora de la Corte y vaciado en la opinión que de acuerdo con el Artículo 227 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley No. 25 de junio 12, 1925, se une a la sentencia, pasando así a formar parte del récord.

"Deseamos dejar consignado con el mayor énfasis que en el presente recurso de apelación no nos quejamos de las conclusiones de hecho a que llegó el juez sentenciador después de haber considerado y apreciado la evidencia presentada en el juicio, y como no atacamos dichas conclusiones, en modo alguno necesitamos traer la evidencia a este Hon Tribunal para ver si dichas conclusiones están bien fundadas o no. Nuestra contención es que la prueba, es decir, los hechos considerados probados por la Corte inferior, como efecto y resultado de su apreciación de la evidencia, no son suficientes para sostener la sentencia."

Para que las estrictas conclusiones de la apelante tuvieran alguna base, tendría que demostrarse que en esta Isla rige el sistema de conclusiones de hecho y de ley que está en vigor en California y en los estados de cuyas cortes procedan las citas que siguen a las conclusiones de la apelante. Entiéndase bien que decimos solamente *tuvieren alguna base,* porque aun rigiendo tal sistema dudamos mucho que pudiera prevalecer el criterio de la apelante en un caso como éste. Pero no tenemos que ahondar en la cuestión. Bastará decir que en Puerto Rico no existe el sistema en que se funda la apelante.

En el citado caso de *Paganacci* v. *Lebrón,* esta corte decidió:

"Las cortes de distrito en Puerto Rico no están en el deber de hacer conclusiones de hecho y de derecho como han sido entendidas y practicadas en California. Existía una obligación semejante bajo el sistema español, pero desde la adopción del vigente Código de Enjuiciamiento Civil en el año 1904, que contiene un precepto amplio sobre exposiciones del caso y pliegos de excepciones que han de ser preparadas por el apelante y aprobados por la corte, se ha entendido necesariamente que los antiguos *resultandos* y *considerandos* quedaron abolidos. Nuestro código fué tomado virtualmente del de California y al copiarse fueron omitidos los artículos que hacían referencia a las conclusiones de hecho y de derecho.

"La enmienda hecha al Código de Enjuiciamiento Civil en el año 1911 (artículo 227), prescribe que en el juicio definitivo de cualquier caso el juez de distrito hará y archivará una relación breve del caso, exponiendo los hechos según éstos resulten ante él y dando las razones en qué funde su decisión, pero dicho precepto ha sido interpretado en el sentido de que únicamente exige que el juez de distrito archive una opinión razonada exponiendo los hechos. El uso de las palabras 'según éstos resulten ante él' (as found by him), no da a dicho precepto un significado más amplio, pues cualquier fallo o decisión de la corte sobre los hechos necesariamente es una conclusión y el decir que la corte debe hacer conclusiones, es muy distinto a expresar que la Legislatura deseaba establecer un sistema de conclusiones de hecho y de derecho tal como existe en California." 24 D.P.R. 796.

¿Qué efecto produjo en esa jurisprudencia la enmienda a que se refiere la apelante? A virtud de dicha enmienda, el artículo 227 del Código de Enjuiciamiento Civil, quedó redactado como sigue:

"Artículo 227.—En el juicio definitivo de cualquier caso en una corte de distrito, el juez de la misma, deberá hacer y archivar al mismo tiempo que dicte su sentencia, una opinión escrita, que se unirá a aquélla, en la que expondrá separadamente y de una manera breve, los hechos que considere probados y las razones jurídicas en que funde su decisión. Cuando las resultancias de hecho se basaren en un conflicto de la evidencia, el juez expondrá los motivos que haya tenido para dirimir el conflicto en la forma en que lo hiciere; y en caso de apelación, el Tribunal Supremo deberá analizar dicha evidencia y determinar si las resultancias estuvieron justificadas o no."

Si nos fijamos en que el mismo legislador habla de opinión y no de conclusiones de hecho y de derecho se concluirá fácilmente que si bien quiso ser más preciso y persuasivo que antes induciendo a los jueces a hacer cada día un trabajo más completo y perfecto, en manera alguna estableció el rígido sistema que pretende la apelante.

La atención de la Legislatura estuvo fija en que los conflictos de prueba no se resolvieron sin un análisis verdadero y en que el juez no fallara como muchas veces lo hacía manifestando sólo que los hechos y la ley estaban a favor o en contra de determinada parte.

Debe la corte a virtud de la enmienda emitir una opinión, debe exponer en ella los hechos que considera probados y las razones jurídicas en que funde su decisión y debe expresar los motivos que tenga para dirimir el conflicto en casos de evidencia contradictoria, pero nada de ello autoriza a concluir que a virtud de la enmienda la opinión sustituya *la evidencia practicada* y sea considerada como *la única prueba en el litigio*. Además de la opinión siguen teniendo existencia legal y eficacia en Puerto Rico los pliegos de excepciones, las exposiciones del caso y transcripciones de evidencia en que descansan las sentencias que se apelan y una parte a

cuyo favor se dicte una sentencia en un caso como éste no está obligada a escudriñar la opinión para ver si se declaran en ella probados todos los hechos necesarios, como pretende la apelante. En todo caso sería a la parte apelante a la que correspondería pedir a la corte sentenciadora una declaración concreta. De otro modo aprovechando una omisión y ocultando la evidencia practicada,—la verdadera prueba en que se basó la conclusión final del juez contenida en su sentencia—, podría obtenerse de la corte de apelación la revocación de un fallo enteramente justo.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

El Juez Asociado Señor Hutchison está conforme con el resultado.